First case for argument is United States versus Brandon Manning. Thank you, Mr. Hanson May it please the court. Counsel. Mr. Timmons Brandon Manning was acquitted at trial of receipt of child pornography He was however convicted of two counts of possession of child pornography The district court sentenced Mr. Manning to 240 months imprisonment His appeal raises both evidentiary issues with respect to what happened at the trial and also guideline issues with respect to sentencing Subject to the court's questions I intend to proceed in reverse chronological order and start with the sentencing issues and proceed back to the trial issues to exempt There's time or questions first with respect to the sentencing issues Candidly the clearest base for relief for Mr. Manning is the district court's error in applying an enhancement to his criminal history score and criminal history category Based on its conclusion that Mr. Manning committed the federal offense while he was still on parole for a prior Iowa conviction for sexual exploitation of a minor Mr. Manning was on parole for that prior Iowa offense until September 13th of 2018 and thus, of course, the question is whether the government offered proof beyond a by a preponderance Excuse me to establish that. Mr. Manning committed the offense at least by that date at trial The government offered a sampling of the illegal imagery that was found on a Western digital hard drive That formed the basis for count two against. Mr Manning and an SD card that was contained within a broken cell phone that formed the basis for count three against. Mr Manning there were 12 images and videos in evidence at trial the government's forensic examiner agent Michael Kircher testified that each of the image files had what's called a creation date The creation date is the date on which the image file was created on the device Meaning in other words the date it was downloaded or saved onto the device in each instance with the 12 Examples of child pornography offered into evidence at trial the creation date was in 2019 or in 2020 and thus obviously it was not indicative of mr. Manning committing the offense by September 13th of 2018 however agent Kircher also testified at trial in response to the question of When was the earliest creation date for child pornography imagery that you saw in your examination of the two devices in? response agent Kircher said around 2018 He was then asked to specify. What was the earliest creation date on the Western digital hard drive? Versus the SD card the SD card the earliest creation date. He said was Approximately December 2018. So that's not an issue with respect to the enhancement But with respect to the Western digital hard drive agent Kircher said if I recall August 2018 From there even though it was obvious that one agent Kircher was equivocal and then he was manifesting Uncertainty with respect to the earliest creation date the government did not take the opportunity to either refresh agent Kircher's Recollection at trial to establish more clearly the earliest creation date for the imagery on the Western digital hard drive Nor did the government offer any other evidence of the earliest creation date at trial? I got from the brief that the impact would be To decrease the criminal history category from five to four correct Say a little bit more about the impact on sentencing if that were the only relief sure So mr Manning's guideline range as found by the district court at sentencing based on a criminal history category of five was 210 to 262 months imprisonment without the two criminal history points for The enhancement he would drop down to criminal history category four and his guideline range would have been 188 to 235 months the district court as I said imposed a sentence of 240 months So the sentence fell within the guideline range as found to the district court, but it's outside the guideline range as corrected here So your position is or a Manning's position is the officer testified that the earliest creation day was around? August of 2018 And it was clear error for the judge to find therefore that it was in August of 2018 Correct your honor because that's close enough if it was just around August 2018 if that was the only testimony That's close enough to September 13th of 2018 where there's some vagueness as to whether that establishes it But I think what clinches it for mr. Manning is the follow-up question Specifying what was the earliest creation date on the Western digital hard drive? And then he says if I recall and if I recall is kind of classically a way to say I don't necessarily recall so that is a point at which the government should have refreshed his Recollection given that this was such an important point ultimately to mr. Manning sentence So When you say if I recall it doesn't establish that you are 51% certain that you recall or if you're 20% certain could judge interpret that to mean my best Recollection is August 2018 He could but we don't know how certain your best recollection is and I guess it'd be another thing if there was no other Opportunity either to refresh his recollection at trial or after mr. Manning put the government on notice of his objection put on evidence of sentencing and you could put on the evidence of the imagery from Allegedly August of 2018 you could bring back agent Kircher to testify Presumably in the interval his Recollection would have been refreshed about his forensic examination. So what was that argument made it at the district court? I take it there was objection to them well My notes, this is not plain error of you, but I'm not sure how what was preserved and how This issue was hotly contested at sentencing to the point at which I believe the government asked Either the prosecutor or myself for the transcript that we were talking about because this all came down to that one page of trial transcript Like I said, I made it very clear that put the government on notice of mr. Manning's objection. Well hotly contested after the testimony After the testimony at sentencing Well the testimony we're talking about that was trial testimony, right? So the government did offer evidence at sentencing, but none of it went to this particular issue So when we went into sentencing, I didn't know if the government's case agent was going to testify More specifically to this creation date issue But the fact of the matter is the case agent didn't all of the evidence came in on 35 53 a matters and restitution So as I was saying the government had its opportunity didn't take advantage of it So I think this is the rare case where a district court clearly aired and making this factual finding necessarily for this Really impactful enhancement for mr. Manning Moving to the second sentencing issue We're also arguing that the district court aired and applying an obstruction of justice enhancement to mr. Manning's offense level pursuant to 3c 1.1 this again was based on trial testimony in this case of the original case agent investigator Tyson Anderson Mr. Anderson he retired from law enforcement after the search warrant was executed Mr. Anderson testified that he encountered mr. Manning when executing the search warrant and mr. Manning was in his vehicle He searched him found a cell phone that did not ultimately contain illegal imagery Stayed with him for a bit went into the residence and then came back out and that's the point at which he allegedly saw That mr. Manning was attempting to break the cell phone that contained the SD card that formed the basis for count three our position here is that although application note 4d says that the destruction or the attempted destruction of Evidence upon learning that an official investigation has commenced does constitute obstruction of justice Mr. Manning circumstances fall under the caveat in 4d that says if the destruction was contemporaneous with arrest And it did not result in the material hindrance to the official investigation Then it does not constitute obstruction. Did the district court make a finding on material and hindrance? I Don't I don't believe so judge Kelly. I think And I think this is the government's position to was that it was not contemporaneous Because there was some passage of time obviously between when investigator Anderson initially confronted. Mr. Manning and when he allegedly saw Him breaking the cell phone I think the problem for the government here again is that it had the burden on the Obstruction enhancement and it didn't establish the amount of time that passed. I think there's a big difference between Investigator Anderson encountering. Mr. Manning and seeing him break the cell phone two or three minutes later Versus that happening one hour later because what matters for purposes of this enhancement is whether the destruction of evidence was calculated Premeditated or whether it was something was more visible timing is in in the record. It seemed to me that Correct me if I'm wrong But the evidence was that the officer sort of heard a scream or loud noises from the car Is that the assumption is the assumption that he was destroying the phone at that time? That that's my understanding and what what is the timestamp on that? I don't think there's a timestamp your honor This is a case where there was no video Of the encounter between mr. Manning and law enforcement. I don't think there's any testimony. There's no testimony. Is there a way to Figure that out Sort of guess how long that took I'm guessing the government's position is going to be that's enough happened between the initial confrontation between investigator Anderson and mr Manning and ultimately seeing the just alleged allegedly seeing the destruction of the cell phone that that had to be some amount of time But again, it wasn't established as to whether this happened very quickly Yeah, how do how do we assess this because it looked like the district court was pretty careful saying, you know here We've got on the one hand an immediate destruction I think the example is swallowing drugs or sort of tossing drugs at the time of arrest versus something calculated Down the road to to obstruct justice and sort of it's a line drawing Exercise in in many ways and the district court Set it up that way. How do we look at that when it's that judgment call from the district court looking at the evidence? I think it becomes very difficult without knowing the exact amount of time that passed because as the well shans case from the Third Circuit Which is my best case? Talks about contemporaneous is somewhat in the eye of the beholder It doesn't always necessarily mean instantaneous meaning It doesn't always have to be the case that the defendant has to destroy or to attempt to destroy the evidence Immediately upon being confronted by law enforcement Some passage of time might be okay under the right circumstances Here again with the government having the burden. I think part of that burden was to establish just how contemporaneous this was and the government did And that's why I think mr. Manning's case fits pretty closely with the well shans case was the man out of the car Initially and then he went back into the car. Mr. Manning. Yeah the He was initially in the car. Yes when law enforcement first confronted him. That's attendee exit the car Yes, and then he went back into the car Yes, at least the cell phone went back into the car because that's where it was discovered by investigators But I think it's fair to interpret that. Mr. Manning was back in the car, too Wasn't there testimony that he was in the car when they heard this? Yeah, actually, yes, yes your honor because investigators and said he saw it okay through the window So back when although the time amount of time is not clear The record does show he was in the car when they arrived. He exited the car and then re-entered the car Yes, it certainly shows the chronology of events. And then my other question is the guideline refers to contemporaneous With arrest My understanding is that Manning was not arrested on this occasion Correct. He's all right. Is there any authority that says the guideline goes? to contemporaneous with Investigation as opposed to with arrest which is the actual wording of the guideline So application note 3 I believe says something to the effect of obstruction varying in circumstances And descriptions, I don't read 4d is saying it necessarily has to be arrest versus encounter with law enforcement I did cite the Kenyan case from this court in my initial brief where there's no holding saying that Contemporaneous with a search warrant execution is sufficient But that seems to be what the court's saying the Welsh and case to that wasn't necessarily an arrest So, I think it I think I'm just looking at the text of the application note that you're relying on however if such conduct occurred contemporaneously with arrest right I Don't read that guy that I don't read that application note to absolutely require an arrest I think it's giving an example of something that's sufficiently Visceral and not premeditated not to constitute obstruction of justice If there are no further questions, I'd reserve the reign of my time for rebuttal Thank you Mr. Timmons Morning May it please the court. Mr. Hanson counsel The defendant raises four issues after being convicted on two counts of possession of child pornography by a jury at trial For the reasons outlined in the government's brief this court should affirm the district courts rulings Regarding the first two evidentiary error issues that the defendant raises I would just like to reiterate for the court that regardless of First of all those two issues. Okay, so you're gonna open them up for a bottle. I'm sorry, sir They weren't addressed this morning. I Understand you want to open them up for rebuttal? That's fine I will take your advice and move on to not advice you number three I'm just observing what many layers don't seem to understand or Remember, maybe you thought with a minute 30. He couldn't do much damage on rebuttal Understood your honor I'll move on to issue number four whether the court the district court abuses discretion in finding that the defendant committed the offense while under a criminal justice sentence first, I'd like to Highlight for the court that Agent Kershaw's testimony is not simply a matter of saying if I recall it was the Western digital hard drive It's detailed in the defendants own brief page Page 43 as he writes it page 50 as it's Stamped on the docket if I recall comma it was the dash Indicating a space and then says on the Western digital hard on the Western digital. It was August of 2018 It was or it was around First he so that that is after he says it was around 2018 period after that I Asked Well, let's break it down individually. Will you be able to recall better per device and that was his response? If I recall comma it was the on the Western digital hard drive. It was August of 2018 period Forensic examiner Kershaw's testimony is Sufficient by preponderance of the evidence standard here the defendant Could have cross-examined forensics examiner Kershaw on this point. The defendant had access to his forensic report. It was was that Significant for trial though, this seems to be a point that becomes relevant at sentencing, but that wasn't particularly Important at the trial the exact date I think that's exactly right your honor So I guess so to your point about could have cross-examined It were relevant wasn't for the jury to determine that That could have come up at sentencing. I Relied on this testimony and brought that testimony forth to judge strand to say this Unequivocally states that it at least occurred August of 2018 agent Kershaw also testified that Child pornography was downloaded on At least six different dates Five different dates for exhibits that were admitted at trial as mr. Hanson pointed out those dates Did not occur while the defendant was under his criminal justice sentence, but there was an additional date also not under there When the defendant downloaded child pornography and took a selfie, but moreover Forensic examiner Kershaw said that all of the downloads happened on multiple dates and If I recall it was 30 days Over 30 different days. He specified a range of dates that had happened. He didn't just say That the downloads happened within this range on the dates of the evidence presented He what was what was agent Kershaw basing his statement? It was August 2018 on His recollection a recollection of one of the earliest date that his forensics examined What is he is it? Is he looking at the examination the forensics examination that showed the exact dates? He was not looking at the report Mr. Hanson is is correct. I could have refreshed his recollection because no no I think the question is what would have been in or at least my question is what would have been in the report that he? Was basing his recollection on the the report would have matched up with the dates that are in the indictment the defendant What was the report? describing The the report described Dates that the defendant had downloaded child pornography on the various devices Okay, and that was based on some kind of forensic exam that could tell the download date correct, all right And it documented that this occurred as early as May of 2018 But not on the hard drive. I Don't recall which devices Well, you're you're saying that was it was proper for the district court to rely on the agent's testimony that the earliest Download was in August of 2018 Correct and now you're saying That it was earlier Than that even I'm saying his report indicates that it was earlier. Yes, and that's not in the record The sentencing record that's correct or the trial record. So that's not in front of the district court judge That's correct. And so What you're also saying is that agent Kirschner was not right was not accurate in his testimony I guess I'm a little confused about the point the point that you're making I'm not exactly sure how we got here. I was trying to make a point that agent Kirschner testified that the defendant downloaded child pornography Within date ranges over a large span of days not just The dates that were on the evidence of child pornography that the jury saw Moving to whether or not the defendant had obstructed justice I think the evidence at trial established that the defendants actions were not immediate 3c 1.1 applies to those who willfully obstruct It was established at trial that the defendant was confronted by law enforcement Informed what law enforcement search warrant was for the defendant had a another cell phone seized from him The evidence at trial further established that agent Kirschner left the defendant outside of his car went into the residence Began to conduct a search of the home and even spoke with some of the residents inside and Later came out. We do not have a timestamp, but those events transpired before Detective Anderson came out of the house and observed the defendant Destroying the district court. Did you offer up the district for the district court an estimate of that time frame based on anything else? That was going on. I did not offer an estimate your honor The does it matter like I mean, you know, what if it was an hour what if it was two hours? What if it was two minutes? Does it matter to your position here? I'm not sure that the difference between Two minutes and an hour Matters whether in in regards to whether or not it was immediate. It obviously is helpful the further away from that initial encounter you get it To that extent it does matter What if he had let he went back out to his car and then meet right as soon as he got to the car? Destroyed it. So as soon as he sees the evidence that I guess he's the idea is that it's evidence. He sees the cell phone and destroys it at the moment. He sees it That is undoubtedly would be in the defendants favor. But in this instance what we have is Established testimony that several events transpired before the defendant went back in his car Clearly indicating that there was a significant passage of time Enough for a detective to walk into a house Begin to conduct a search come back out to grab evidence bags Presumably because he'd identified evidence that needed to be processed Do you think it Rick do you think to follow up on judge Colleton's questions? Do you think it requires an arrest? I mean in this situation He was not arrested immediately. They were coming to conduct a search, correct? So what if he had Immediately upon getting I get upon getting this the search warrant or seeing that they're coming in to conduct this search He very quickly Destroys or tries to destroy something would that qualify for the exception to the obstruction enhancement again? It would certainly be in his favor if it were done Immediately, and if he were arrested as to whether or not what no Mike my question though If he wasn't arrested correct as to whether or not It is required that he be arrested. I don't have a grasp with the commentary of the the relevant guidelines I'm not prepared to answer that question If there are no further questions we would urge that the this court affirm the district courts rulings Thank you For rebuttal Thank You Honor with respect to the criminal history category enhancement Discussion between judge Kelly and mr. Timmons Address the issue of cross-examination whether I should have cross-examined Agent Kircher about this issue judge Kelly's right. This was not a significant issue to the trial in any way So I had no reason to do that in that case Moreover, obviously the government had the burden at sentencing to establish the basis for the enhancement and just generally I'm obviously not in the business of refreshing the recollection of government experts. I Try to separate that from him saying August of 2018, but I think if you look at the transcript he's saying if I recall August of 2018 because he just generally wasn't sure and wasn't prepared to answer the question of when the earliest and when the latest Creation dates were because if you look further down the page of that trial transcript when asked what was the latest creation dates? What were the latest creation dates you saw he prefaced each of his responses with I believe it was He wasn't sure the government should have offered more evidence and it did not establish its burden for this very impactful enhancement Thank you Thank You counsel Case has been thoroughly briefed and argument on the sentencing issues have been helpful and we'll take it under advisement